IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:13-cv-00724 |
| v. ) | |
| ) | U.S. District Judge Mark R. Hornak |
| JORGE M. PEREIRA, and ) | |
| THE LAW OF BUSINESS, PC. and ) | |
| PRECISION RECOVERY ANALYTICS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

**Mark R. Hornak, United States District Judge**

Before the Court is Plaintiff's Motion, ECF No. 12, that I reconsider my Order granting Douglas Marinos *pro hac vice* admission for purposes of representing the Defendants in this action. I stayed that Order when this Motion was filed, and ordered a response which has now been filed.

The basis for the Motion is the recent Opinion and Order of Judge Terrence F. McVerry in *Elliot v. Marinos*, 12-cv-1293, in which Mr. Marinos was found to have breached a settlement agreement in a case in which he and his law firm were the defendants. Judge McVerry held that there was a valid and binding settlement agreement, that Mr. Marinos was obligated to pay up under that agreement, and that because the failure to comply with the settlement agreement evidenced bad faith and vexatiousness, he and his firm were to pay the legal fees of Mr. Elliot's lawyers in having to enforce the settlement. The lawyers opposite Mr. Marinos in that case are the lawyers who filed this Motion for Reconsideration.

Out of a sense of candor and completeness, Mr. Marinos would have been well-served to bring to the Court's attention the recent Order of Judge McVerry in *Elliot* given the nature of its conclusions, but since that Order did not impose a sanction going to his authority to practice law, nor can it be fairly characterized as a "disciplinary matter" for the purposes of our Court's admission rules, I cannot conclude that Mr. Marinos' failure to do so was a violation of the Court's attorney admission rules. LCvR 83.2(B). The moving party's intimation that it was is an overreach.

Mr. Marinos and his law firm were found to have failed to live up to the terms of a settlement agreement that they had entered into. That issue was litigated, they lost the point, and were ordered to pay the piper. Perhaps not surprisingly, given the apparent on-going feud between the involved lawyers, Mr. Marinos has now elected to prolong that fight by exercising his right to appeal Judge McVerry's thorough and thoughtful Order to the United States Court of Appeals for the Third Circuit. That Order nonetheless addressed the matter, made the requisite findings, held against Mr. Marinos and his law firm, and this Court considers the matter closed based on Judge McVerry's decision, subject to it being reopened should our Court of Appeals find that Mr. Marinos' conduct in the *Elliot* case merited a level of reproach beyond that set forth in the Order in *Elliot*.

It is apparent to the Court that counsel in this case, who were adversaries in *Elliot,* and are in a number of other cases, have something going on between them, and the dispute attendant to this Motion appears to be in furtherance of that history between these lawyers. The Court enters this Order to place upon the record what should be obvious -- if counsel in this action desire to spend any of their, or their respective client's, resources and energy in a constant effort to wear one another down, they will be obligated to engage in those activities somewhere else,

not here. This Court intends to assist them in focusing their work on the disposition of this case on the merits according to the applicable law and in the context of the developed record facts -- only.

The Motion for Reconsideration is denied, the stay of *pro hac* vice admission that this Court entered upon the filing of the Motion is dissolved, and that *pro hac vice* admission of Mr. Marinos is GRANTED. The Court expects and anticipates that all counsel will comport themselves with professionalism and respect, in good faith, and in conformity with the rules of this Court.

Mark R. Hornak
United States District Judge

Dated: September 4, 2013

cc: All counsel of record