# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA WALTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:13-cv-724 |
| JORGE M. PEREIRA; | ) ) ) Judge Mark R. Hornak |
| THE LAW OF BUSINESS, PC; and | ) ) |
| PRECISION RECOVERY ANALYTICS, INC.; | ) ) ) ) |
| Defendants. | ) |

## OPINION

**Mark R. Hornak, United States District Judge**

This case involves alleged improper debt collection practices. Plaintiff, Donna Walton ("Ms. Walton"), alleges that Defendants assessed unauthorized attorney's fees and made misleading statements about the amount or method of determining attorney's fees, in violation of both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et. seq., and the Dragonetti Act, 42 Pa. Cons. Stat. Ann. §§ 8351-8355. Pending before the Court is Defendants Jorge M. Pereira ("Mr. Pereira") and The Law of Business, PC ("Law of Business")'s Motion to Dismiss, ECF No. 6. The Court has considered Plaintiff's Complaint, ECF No. 1, Defendants' Motion to Dismiss, Defendants' Memorandum in Support, ECF No. 7, and Plaintiff's Response in Opposition, ECF No. 10. The matter is ripe for disposition, and for the reasons that follow, Defendants' Motion to Dismiss is denied.

1

## I. BACKGROUND

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in Plaintiff's favor. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for the purpose of the disposition of Defendants' Motion, the essential facts are as follows.

On or about August 6, 2012, Defendants sent a dunning letter ("Collection Letter") to Plaintiff Ms. Walton. Pl.'s Compl. ¶ 8. The Collection Letter contains the signature of Defendant Mr. Pereira and represents that both Cavalry and Precision Recovery Analytics, Inc. ("Precision Recovery") are owed a debt of $6,110.11. *Id.* at ¶¶ 8,15; Ex. A. The Collection Letter also sets forth, in relevant part, that

> Unless you [Ms. Walton] notify me [Mr. Pereira] within 30 days after the receipt of this letter that this debt, or any portion of it, is dispute, we will assume that the debt is valid. If you notify us of a dispute, we will obtain verification of the debt and mail it to you.

*Id.* at ¶ 9; Ex. A. Ms. Walton alleges that Defendants utilized a method for assessing attorney's fees against her that was not authorized by contract, and that Defendants failed to disclose, or made misleading statements about, the amount or method of determining attorney's fees. *Id.* at ¶ 17. On or about November 15, 2012, Defendants filed a Civil Complaint ("Collection Complaint") at Docket Number CV-372-2012 in Magisterial District Number 05-2-07, in Allegheny County, Pennsylvania. *Id.* at ¶ 18. In the Collection Complaint, Defendants sought the sum of $7,249.79 from Ms. Walton. *Id.* That sum not only included the principal, but also attorney's fees. *Id.* at ¶ 19; Ex. B. Defendants' sole theory of recovery was an account-stated cause of action. *Id.* Mr. Pereira signed the Collection Complaint on behalf of Precision Recovery, Law of Business, and himself. *Id.* at ¶ 20; Ex. B.

2

Ms. Walton avers that Mr. Pereira did not review the Collection Complaint or her file prior to filing the Collection Complaint. *Id.* Moreover, at the time the Collection Complaint was filed, Defendants were not in possession of (1) account statements starting with a zero balance up through the date of the alleged default; (2) a signed loan application by Ms. Walton; (3) account statements reflecting that Ms. Walton owed the amount alleged in the Collection Complaint; (4) documentation substantiating Precision Recovery's request for attorney fees; and (5) proof that Ms. Walton's account was assigned from the original creditor to Precision Recovery. *Id.* at ¶ 23. She further claims that Defendants had no personal knowledge of the accuracy of the information allegedly provided by the original creditor, *id.* at ¶ 25, and initiated the Collection Complaint after failing to conduct an adequate investigation, *id.* at ¶ 26. On January 17, 2013, Magistrate District Judge Jeffrey L. Herbst entered judgment for Ms. Walton on the Collection Complaint, *id.* at ¶ 32, and Defendants did not appeal the judgment, *id.* at ¶ 33.

Ms. Walton alleges that she did not owe $7,249.79 to Precision Recovery, *id.* at ¶ 34, and never agreed to pay that sum to Precision Recovery, *id.* at ¶ 35. Defendants' Collection Complaint was based on an account-stated theory, and Defendants represented that account statements were sent to Ms. Walton; yet, she alleges that Defendants never sent her any account statements. *Id.* at ¶¶ 38-40. Ms. Walton further contends that an account-stated theory does not permit the collection of attorney's fees, but in the Collection Complaint the Defendants liquidated their demand for attorney's fees and included that amount within the total sum sought. *Id.* at ¶ 42. Ms. Walton avers that the demand for attorney's fees in the Collection Complaint is false and misleading because it states that she was and would be incurring attorney's fees as calculated on a percentage of the debt or for a liquidated amount. *Id.* at ¶ 45. Indeed, when Defendants sued Ms. Walton in Magistrate's Court, she alleges that she was led to believe that

3

she would be responsible for attorney's fees for the collection attorney, which influenced her decision on whether or not to pay or to compromise the claim. *Id.* at ¶ 56.

On May 24, 2013, Ms. Walton filed suit in this Court against Defendants, alleging in Count I, "Violation of §§ 1692f and 1692f(1) of the Fair Debt Collection Practices Act Against Defendants' Use of Unfair or Unconscionable Means to Collect," in Count II, "Violation of §§ 1692e, 1692e(2)(A),(B), and 1692e(10) of the Fair Debt Collection Practices Act [for] Making False, Deceptive or Misleading Representations and § 1692g," and in Count III, "Violation of the Dragonetti Act 42 Pa.C.S.A. §§ 8351-8355."

## II. DISCUSSION

### a. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 10(c) ("a copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does not allege facts that could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

### b. Defendants' Motion to Dismiss Count I of Plaintiff's Complaint

Count I of Plaintiff's Complaint alleges violations of § 1692f and § 1692f(1) of the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

4

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Because the FDCPA was designed to protect consumers, FDCPA claims are "analyzed from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-54 (3d Cir. 2006). Defendants contend that Ms. Walton "has failed to allege that she has suffered any actual damages in her Complaint as a result of the inclusion of alleged unauthorized attorney's fees and interest other than to broadly assert without any factual support that she has sustained injuries[,] including but not limited [to] damage to her reputation, emotional distress, mental anguish, [and] humiliation." Defs.' Mot. to Dismiss ¶ 18. Ms. Walton counters that an award of actual damages is not a prerequisite to the recovery of FDCPA statutory damages. Pl.'s Response in Opp'n at 2.

> Title 15, U.S.C. § 1692f provides, in pertinent part, that
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f. Along with actual damages, the FDCPA permits a plaintiff to recover statutory damages:

> (a) Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . .
>
> > (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000

15 U.S.C. § 1692k(a).

Here, with regard to actual damages, Ms. Walton has alleged that she "incurred attorney's fees in defending against the Collection Complaint," Pl.'s Compl. ¶ 36, and "[a]s a direct and proximate result of Defendant's conduct, Walton suffered harm to her reputation, emotional distress, mental anguish, and humiliation," *id.* at ¶ 37. These averments are incorporated by reference in Counts I and II of Ms. Walton's FDCPA claims, via her inclusion of Paragraph 59 in Count I and Paragraph 62 in Count II. *See id.* at ¶¶ 59, 62 ("Donna Walton realleges and incorporates the above captioned paragraphs as if fully set forth herein.").

Damages for emotional distress are recoverable under the FDCPA. *See Crossley v. Lieberman*, 90 B.R. 682, 692 (E.D. Pa. 1988), *aff'd*, 868 F.2d 566 (3d Cir. 1989) ("[W]e believe that violations of the FDCPA, by their very nature, (e.g., abusive, deceptive or unfair debt collection practices), are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance."); *McNally v. Client Servs., Inc.*, 2007 WL 4561152, at *6 (W.D. Pa. Dec. 20, 2007) (holding actual damages in an FDCPA claim can be in the form of emotional distress); *Wenrich v. Robert E. Cole, P.C.*, 2001 WL 4994, at *6 (E.D. Pa. Dec. 22, 2000); *see also Yelin v. Swartz*, 790 F. Supp. 2d 331, 336–37 (E.D. Pa. 2011) ("[T]he Complaint itself states that Plaintiff was financially damaged by Defendants' conduct and requests 'actual damages' as a form of relief.... Plaintiff has satisfied his burden of pleading damages [under the FDCPA]"). Thus, with Ms. Walton's averments regarding the attorney's fees she incurred in defending the Collection Complaint, and the "harm to her reputation, emotional distress, mental anguish, and humiliation" that she suffered, Ms. Walton has sufficiently and plausibly pled that she has suffered actual damages under the FDCPA.

Even if Ms. Walton had not pled those averments relating to actual damages under the FDCPA, plaintiffs, as Ms. Walton points out, may collect statutory damages under the FDCPA

even if they have suffered no actual damages. *Hamid v. Stock & Grimes, LLP*, 876 F. Supp. 2d 500, 502 (E.D. Pa. 2012) (citing *Weiss v. Regal Collections*, 385 F.3d 337, 340 & n. 5 (3d Cir. 2004)); *see also Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) ("a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages"); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) ("[C]ourts have held that actual damages are not required for standing under the FDCPA").

Defendants cite to *Salvati v. Deutsche Bank Nat. Trust Co., N.A.*, 2013 WL 1314777, at *12-13 (W.D. Pa. Mar. 28, 2013), for the proposition that actual damages are a prerequisite to recovery under the FDCPA. *See* Defs.' Mot. to Dismiss ¶ 21. However, the *Salvati* court found that because the debtor admitted he did not pay any of the alleged illegal fees and costs "as his Complaint led the Magistrate Judge to believe (and which formed "the very premise upon which the Magistrate Judge based her opinion"), the court declined to adopt the Magistrate Judge's Recommendation that the debtor had suffered actual damages. *Salvati*, 2013 WL 1314777, at *12-13. The *Salvati* court never resolved exactly what damages would qualify as actual damages, or whether the debtor had even requested any statutory damages relief.

Moreover, unlike *Salvati*, nowhere in Ms. Walton's Complaint does she represent that she purportedly paid the alleged illegal fees and costs. Rather, Ms. Walton has alleged actual damages in the form of attorney's fees she incurred in defending against the Collection Complaint, as well as emotional distress, mental anguish, humiliation, and harm to her reputation – none of which the *Salvati* court discussed. Ms. Walton has pled sufficient factual allegations regarding her actual damages, which when taken as true, state a claim for violations of the FDCPA. Therefore, Defendants' Motion to Dismiss Ms. Walton's Complaint at Count I is denied.

### c. Defendants' Motion to Dismiss Count II of Plaintiff's Complaint

Count II of Plaintiff's Complaint alleges violations of § 1692e, § 1692e(2)(A),(B), § 1692e(10), and § 1692g of the FDCPA, for making false, deceptive, or misleading representations. Ms. Walton avers that in Defendants' quest to seek liquidated attorney's fees in their Collection Complaint, Defendants falsely represented the amounts and legal status of the debts purportedly owed by Ms. Walton, the services rendered by Mr. Pereira, and the nature of the parties' agreements. *See* Pl.'s Compl. ¶ 65. On the other hand, Defendants contend that the "mere filing of a lawsuit without the immediate means to prove the debt is insufficient to establish a violation of § 1692e," Defs.' Mot. to Dismiss ¶ 29, and that Count II consists solely of unsupported legal conclusions, *id.* at ¶¶ 32-37.

As to Ms. Walton's allegation that Defendants have violated § 1692g(a) of the FDCPA, Defendants contend that Ms. Walton does not allege that she was confused or misled by the notice they provided in the August 6, 2012 Collection Letter; rather, Ms. Walton simply alleges that Defendants omitted the words "in writing" from their Collection Letter – words that § 1692g purportedly requires. *Id.* at ¶ 45. Ms. Walton responds that an unsupported claim for liquidated attorney's fees violates the FDCPA; her allegations in Paragraphs 19, 42, and 48 of her Complaint are allegations of fact – not legal conclusions; and that § 1692g is a strict liability provision, such that an unintentional violation of the "in writing" notification provision violates the FDCPA. Pl.'s Response in Opp'n at 3-4.

Section 1692e of the FDCPA provides, in pertinent part, that

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(2) The false representation of--
   (A) the character, amount, or legal status of any debt; or

8

> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Courts broadly construe the FDCPA so as to effect its remedial purpose. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir.2006)). A demand for liquidated attorney's fees, when the underlying agreement does not provide for such fees, is a violation of the FDCPA. *Pierce v. Calvary SPV I, LLC*, 2013 WL 6773632, at *3 (W.D. Pa. Dec. 20, 2013) (citing *Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, 2005 WL 2180481, at *4 (W.D. Mich. Sept. 9, 2005) ("The inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the [underlying] contract ... and violated the FDCPA."); *Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 357–58 (D. Mass. 2008) (finding a violation of the FDCPA when debt collectors sought a percentage-based attorney's fee that was not authorized by the language of the contract)).

Here, Ms. Walton has alleged in her Complaint that "[i]n the collection complaint, Defendants sought from Walton the sum of $7,249.79. That sum not only included the principal, but included attorney fees." Pl.'s Compl. ¶ 19. Plaintiff further avers that "Defendants have in the Collection Complaint liquidated their demand for attorney fees and included said demand in the total amount sought," *id.* at ¶ 42, and that "Defendants used false, deceptive or misleading means in connection with the collection of debts by utilizing a method for assessing its attorneys' fees against Walton that was not authorized by contract or law[,] and by failing to disclose or making misleading statements about the amount or method of determining its attorneys' fees." *id.* at ¶ 48. Defendants' argument that the filing of a lawsuit without the immediate means to

prove the debt is insufficient to establish an FDCPA claim looks at Ms. Walton's Complaint too narrowly, as Ms. Walton's averments in Paragraphs 19, 42, and 48 address false and deceptive representations about the calculation or imposition of attorney's fees, and not that Defendants did not have enough admissible evidence to prove the debt. Ms. Walton's allegations are not speculative. To the contrary, Ms. Walton has pled sufficient factual allegations, which when taken as true, state a claim for violations of § 1692e, § 1692e(2)(A),(B), and § 1692e(10) of the FDCPA.

As for Defendants' Motion to Dismiss Ms. Walton's § 1692g allegations under Count II, § 1692g of the FDCPA provides, in pertinent part,

> a) Notice of debt; contents
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> \* \* \*
>
> (4) a statement that if the consumer *notifies the debt collector in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

15 U.S.C. § 1692g (emphasis added). As a general matter, the FDCPA is a strict liability statute, so a plaintiff need not show intent to violate it on the defendant's part; an unintentional violation of the verification requirements violates the Act. *Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 601 (E.D. Pa. 2012) (citing *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011)); *see* 15 U.S.C. §1692k. "[A] dispute of a debt must be in writing in order to be effective in this Circuit." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013); *see also Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991)

("subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing").

Here, Defendant's August 6, 2012 Collection Letter sets forth, in pertinent part, that

> Unless you notify me within thirty (30) days after receipt of this letter that this debt, or any part of it, is disputed, we will assume that the debt is valid. *If you do notify us of a dispute, we will obtain verification of the debt and mail it to you.* Also, upon your written request within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor.

Pl.'s Compl. ¶ 10, Ex. A (emphasis added). Section 1692g, by its very terms, requires a debtor's notification of a disputed debt to be in writing. Plaintiff alleges that "[o]mitting the 'in writing' [notification] requirement misleads the least sophisticated consumer into foregoing verification rights by making the consumer believe verification can be requested orally when the FDCPA states otherwise." *Id.* at ¶ 11. These averments were encompassed in Ms. Walton's allegations under Count II by her inclusion of Paragraph 62 of her Complaint, which sets forth that "Plaintiff realleges and incorporates the above captioned paragraphs as if fully set forth herein." *Id.* at ¶ 62. The Court concludes that Ms. Walton has pled sufficient factual allegations, which when taken as true, state a claim for Defendants' violation of § 1692g of the FDCPA. Therefore, the Court denies Defendants' Motion to Dismiss as to Count II.

### d. Defendants' Motion to Dismiss Count III for Lack of Subject Matter Jurisdiction

Count III of Ms. Walton's Complaint alleges "Violation of the Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8355." Defendants aver that "[i]f Plaintiff's claim for violation of the FDCPA is dismissed then this Court no longer has original jurisdiction pursuant to a federal question and the state law claim in Count III of Plaintiff's [] Complaint must also be dismissed for lack of subject matter jurisdiction." Defs.' Mot. to Dismiss ¶ 51.

11

Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (3) the district court has dismissed all claims over which it has original jurisdiction," and in *Hedges v. Musco*, the Third Circuit Court of Appeals "recognized that, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (internal citation and quotation omitted) (emphasis in original).

Because this Court has denied Defendants' Motion to Dismiss Ms. Walton's FDCPA claims in Counts I and II of her Complaint, this Court therefore also denies Defendant's Motion to Dismiss Count III of Ms. Walton's Complaint under Federal Rule of Civil Procedure 12(b)(1).

### e. Defendants' Motion to Dismiss for Failure to State a Claim Against Defendant Mr. Pereira

Defendants contend that Mr. Pereira "is an attorney employed by Defendant law firm and may not be held liable as a debt collector under the FDCPA for merely playing an active role in debt collection activities," and that "Plaintiff has failed to allege any fact to support a cause of action against [] Jorge Pereira, therefore, Plaintiff's claims against Jorge Pereira must be dismissed." Defs.' Mot. to Dismiss ¶¶ 56-57. The term "debt collector" under the FDCPA is defined as "any person . . . who regularly collects or attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). More specifically, the term "debt collector" under the FDCPA "applies to a lawyer who 'regularly,' *through litigation,* tries to collect consumer debts." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (emphasis in original); *see also id.* at 294 ("In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly

12

'attempts' to 'collect' those consumer debts."); *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 265 (3d Cir. 2013).

Relative to Mr. Pereira, Ms. Walton alleges that Mr. Pereira "regularly uses the mails and/or the telephone to collect, attempt to collect, delinquent consumer debts . . . [and] is regularly engaged in the business of collecting debts due another person or entity." Pl.'s Compl. ¶ 3. The August 6, 2012 Collection Letter is signed by Mr. Pereira on Defendant Law of Business's stationary, Mr. Pereira's signature is represented as the "Signature of Plaintiff or Authorized Agent" on the Collection Complaint filed in magistrate's court, *see* Pl.'s Compl. ¶ 8, Ex. A, Ex. B, and Ms. Walton alleges that "Precision Recovery is liable for the acts of its collection attorneys Pereira and Law of Business," *id.* at ¶ 6.

Contrary to Defendants' assertion that Ms. Walton has failed to allege any facts to support a claim against Mr. Pereira, this Court concludes that Ms. Walton has pled sufficient factual allegations, which when taken as true, state a claim for Mr. Pereira's violations of the FDCPA as a debt collector. Therefore, Defendants' Motion to Dismiss for failure to state a claim against Mr. Pereira is denied, with prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff Ms. Walton's Complaint is hereby denied in its entirety. An appropriate Order will follow.

_____
Mark R. Hornak
United States District Judge

Dated: February 6, 2014

cc: All counsel of record

13